# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

EB HOLDINGS II, INC.,

    Plaintiff

v.

GLAS USA LLC,

    Defendant

Case No.: 2:18-cv-01096-APG-CWH

**Order Remanding Case to State Court**

[ECF No. 21]

Plaintiff EB Holdings II, Inc. moves to remand this case to the Nevada state court from which it was removed. ECF No. 21. EB contends that this court does not have jurisdiction over this case, and that even if jurisdiction exists, I should abstain from deciding the case because of a lawsuit pending in Nevada state court. This court has jurisdiction because the parties are diverse and the value of the object of the litigation exceeds $75,000. However, the issues in this case are substantially intertwined with those being litigated in the state court. In order to avoid duplicative lawsuits and inconsistent verdicts, I will remand this case to the Nevada state court.

    A. <u>This court has diversity jurisdiction over this case.</u>

Removal is proper only if "the federal court could have exercised original jurisdiction in the first instance." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016). EB argues that its complaint, which asserts only a claim for declaratory relief, could not have been filed in federal court because the Declaratory Judgment Act (DJA) does not create jurisdiction, and a claim for declaratory relief cannot be a stand-alone cause of action. ECF No. 21 at 15-16. EB further argues that the $75,000 minimum for diversity jurisdiction is lacking because EB seeks only a declaration of the parties' rights under a contract, and the court cannot "look

through" that claim to the collateral effects of that declaration to determine whether $75,000 would be at issue as a consequence. *Id.* at 17-18. EB is incorrect on both arguments.

### 1. The court can entertain a stand-alone claim for declaratory relief.

Several decisions in this district have held that the DJA (28 U.S.C. § 2201) creates only a remedy and therefore it does not create federal question jurisdiction. *See* cases collected in ECF No. 29 at 6, fn. 13. Those decisions are not incorrect, if limited to that point. They stem from the Ninth Circuit's statement that the DJA "only creates a remedy and is not an independent basis for jurisdiction. . . . To obtain declaratory relief in federal court, there must be an independent basis for jurisdiction." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). Thus, if diversity jurisdiction (or some other basis for jurisdiction) exists, a claim can be brought under the DJA.

In *Stock West*, the plaintiff filed a federal court action to both compel arbitration under the terms of two contracts and enjoin the defendants from pursuing the dispute in tribal court. The complaint asserted claims under the DJA and the Federal Arbitration Act (FAA). The district court found that it had diversity jurisdiction, but dismissed the case based on the principle of comity. *Id.* at 1225. The Ninth Circuit agreed that neither the DJA nor the FAA created federal question jurisdiction, but that diversity jurisdiction existed. *Id.* at 1225-1227. Thus, absent the district court's ruling on the principle of comity, the district court could have entertained the "stand alone" claims for declaratory and injunctive relief.

I have previously held that the DJA "allows for federal courts to provide the remedy of a declaratory judgment in a case involving an actual controversy falling within the federal court's subject matter jurisdiction." *Bank of New York for Certificateholders of CWALT, Inc., Alternative Loan Tr. 2006-OA16, Mortg. Pass-Through Certificates, Series 2006-OA16 v.*

2

*Foothills at MacDonald Ranch Master Ass'n*, 329 F. Supp. 3d 1221, 1230 n.5 (D. Nev. 2018). "Since it is the underlying cause of action of the defendant against the plaintiff that is actually litigated in a declaratory judgment action, a party bringing a declaratory judgment action must have been a proper party had the defendant brought suit on the underlying cause of action." *Collin Cty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods, (HAVEN)*, 915 F.2d 167, 171 (5th Cir. 1990). EB's complaint seeks to adjudicate whether GLAS has the right under the PIK Loan Agreement to sue EB for some or all of the debt under that contract. EB would be a proper party if GLAS brought (or brings) that suit. Thus, EB is a proper party to seek a declaratory judgment as a remedy for that claim. So long as diversity jurisdiction exists, I may consider EB's declaratory relief claim.

2. This court has diversity jurisdiction over this case.

EB next contends that diversity jurisdiction is lacking because GLAS has not fully disclosed the citizenship of its members, and the value of the object of this litigation does not exceed $75,000. GLAS has sufficiently demonstrated the diversity of the citizenship of the parties to this case. *See* ECF No. 27 at 8-9. Thus, I reject EB's argument on that point.

EB contends that the $75,000 jurisdictional limit has not been met because it seeks only a declaration that GLAS has no rights under the PIK Loan Agreement, and I cannot "look through" that claim to see the consequential effects GLAS would suffer if the claim succeeds. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). In *Hunt*, the Washington state apple growers sought declaratory and injunctive relief challenging the constitutionality of a North Carolina statute. The Supreme Court found that the "object is the right of the individual Washington apple

3

growers and dealers to conduct their business affairs in the North Carolina market free from the interference of the challenged statute. The value of that right is measured by the losses that will follow from the statute's enforcement." *Id*.

In *Sekhon v. BAC Home Loans Servicing LP*, the plaintiffs sought a declaratory judgment cancelling promissory notes, arguing that the notes had no value as a matter of law. 519 Fed. App'x 971, 972 (9th Cir. 2013). The court held that "the enforceability of the notes goes to the merits and is itself 'the object of the litigation.' That object is properly measured by the $505,000 face value of the notes that [the defendants] stand to lose should [their] interpretation of events prove correct." *Id*. *See also*, *Stock West*, 873 F.2d at 1226 (Although the complaint sought to enforce an arbitration agreement and enjoin the tribes from pursuing the matter in tribal court, the court held, without analysis, that the jurisdictional threshold was satisfied.).

This case is similar to *Sekhon*. The object of EB's complaint is to preclude GLAS from recovering from EB any amounts allegedly owed under the PIK Loan Agreement. *See* ECF No. 1-7 at ¶¶ 34, 35, 38, 39. If EB is successful, GLAS would be barred from collecting the $600 million at issue.[1] Thus, the object of the litigation is valued well in excess of the $75,000 jurisdictional threshold. This court has diversity jurisdiction over this case.

B. The *Brillhart* factors compel remand of this case.

EB asks me to abstain from hearing this case based on the other case pending in the Nevada state court. EB points to the Ninth Circuit's direction that if "there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court." ECF No.

---

[1] The debt may be $2.4 billion, but it is unclear how much of that GLAS would seek to recover. *See* ECF No. 27 at 4:12. Regardless, the amount clearly exceeds $75,000.

4

21 at 11:14-17 (citing *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1147 (9th Cir. 2007)). Although GLAS is not a party to the pending state court case, it appears likely that this case would be consolidated with that case if this case is remanded. *See* ECF No. 21 at 12-13.

Even though the parties in the two cases are not identical, "a district court has discretion to dismiss a federal declaratory judgment action when 'the questions in controversy . . . can better be settled in' a pending state court proceeding." *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011) (quoting *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 495 (1942)). The Ninth Circuit has "allowed district courts broad discretion as long as it furthers the Declaratory Judgment Act's purpose of enhancing judicial economy and cooperative federalism." *Id.* (citation omitted).

In *Brillhart*, the Supreme Court set forth three non-exclusive factors "courts should consider when examining the propriety of entertaining a declaratory judgment action: avoiding needless determination of state law issues, discouraging forum shopping, and avoiding duplicative litigation." *Id.* (citations omitted). "[C]ourts may also consider a number of other factors . . . ." *Id. See also Govt. Employees Ins. Co. v. Dizol*, 133 F.3d 1220, fn. 5 (listing additional considerations). These factors lead me to remand this case to state court.

1. Avoiding needless determination of state law issues

EB's complaint seeks declarations of GLAS's rights under the PIK Loan Agreement. ECF 1-7 at paras. 34, 35, 38, 39. The PIK Loan Agreement is governed by New York law. ECF No. 1-3 at 53. It is possible that the resolution of this case may involve issues of collateral estoppel or res judicata under Nevada law. But it is doubtful that I would need to resolve a significant number of Nevada law issues.

/ / / /

### 2. Discouraging forum shopping

EB argues that GLAS is desperate to avoid the Nevada state court system, and GLAS's removal to this court must be viewed as improper forum shopping. Given the procedural history of the state court litigation, that may be true. But "removal alone is not indicative of forum-shopping." *Tomlinson ex rel. Young v. Geico Gen. Ins. Co.*, 433 Fed. App'x 499, 501 (9th Cir. 2011). This factor is not particularly persuasive here.

### 3. Duplicative litigation

My greatest concerns in this case are the likelihood of duplicative litigation and the risk of inconsistent verdicts. GLAS contends that this case does not involve parallel proceedings with the state court. But several arguments raised in GLAS's motion to dismiss are similar to arguments raised in the motion for summary judgment filed by the GoldenTree Group in the state court case. *Compare* ECF No. 18 at 21-24 *with* ECF No. 22-10. Moreover, it appears that GLAS intends to pursue claims against EB arising out of the PIK Loan Agreement, likely as counterclaims in this case. *See* ECF 1-7 at 15-17 (Complaint Exh. 1); *see also* ECF No. 22-17 at 21 (Bankruptcy Court order allowing GLAS to file a counterclaim in this case for breach of contract). Those claims are necessarily intertwined with the claims and issues being litigated in the state court lawsuit. Even absent a counterclaim, the issues raised by EB's complaint relate to the issues in the state court case. Thus, if this case remains in this court, there is a substantial likelihood of duplicative litigation and a risk of inconsistent verdicts. There is no need for two courts to address these issues simultaneously. Finally, I am mindful of the Ninth Circuit's caution that "[p]arties should be strongly discouraged from attempting to drag federal courts into disputes already significantly underway in state courts." *AmerisourceBergen*, 495 at 1147.

Based on the foregoing, I will remand this case to the Nevada state court so all claims and issues can be resolved there.

IT IS THEREFORE ORDERED that the plaintiff's motion for remand **(ECF No. 21) is GRANTED**. This case is remanded to the Nevada state court from which it was removed for all further proceedings. The Clerk of the Court is instructed to close this case.

Dated this 4th day of January, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE